EXHIBIT A

JACKSON LEWIS P.C.
Three Parkway, 1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7802
ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLEKSANDR LOBODA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EISAI INC.,<br><br>　　　　　Defendant. | Civil Action No.: 2:17-cv-01910-ER |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS THE COMPLAINT**

Defendant, Eisai Inc. ("Defendant"), through its undersigned counsel, hereby files this Reply Brief in further support of its Motion to Dismiss the Complaint.

**I.**　　**Plaintiff's CEPA Claim is Time-Barred.**

Plaintiff's employment was terminated on April 22, not May 7. That fact is clearly stated in Defendant's letter to Plaintiff "confirm[ing] that [Plaintiff's] employment with Eisai Inc. has ended effective April 22, 2016." A review of the May 7 letter further reveals that it bears upon administrative aspects of Plaintiff's separation from Eisai, providing instructions regarding Plaintiff's final paycheck and COBRA eligibility, and does not even *mention* the reason for his termination. It is well-established that "when the employer's alleged conduct consists of wrongful termination, the employee's cause of action under CEPA accrues on the date of actual discharge." *Alderiso v. Med. Ctr. of Ocean County*, 167 N.J. 191, 770 A.2d 275, 277 (N.J. Sup. Ct. 2001), *cited in Davitt v. Open MRI of Allentown, LLC*, 2003 U.S. Dist. LEXIS 23720, *14, 2003 WL 23162429 (E.D. Pa. Dec. 16, 2003). Here, the May 7, 2016

letter is not "the actual discharge." The discharge date is April 22, 2016 and does not change to May 7 simply because the discharge is referenced in the May letter.

Of note, Plaintiff himself has admitted to April 22 being his discharge date. However, in a futile attempt to salvage his time-barred CEPA claim, Plaintiff makes conclusory allegations that are contrary to previously sworn submissions. Plaintiff simply ignores the fact that in *two* previous agency submissions, he certified that April 22, 2016 was his "official" termination date. Despite the ambiguity and confusion Plaintiff seeks to inject into this matter, the termination date of April 22 is undisputed. Therefore, since Plaintiff failed to file his CEPA claim within one year, it should be dismissed as time-barred.

## II.     Plaintiff's Pennsylvania and Federal Whistleblower Claims are Time-Barred.

Second, Plaintiff asserts, without legal support, that his claims under the Pennsylvania Whistleblower Law ("PWL") and the Federal Whistleblower Protection Act ("WPA") are not time-barred because his Complaint was timely filed following receipt of an EEOC Dismissal and Notice of Rights. However, the EEOC has no role in investigating and administering either of those statutes and Plaintiff's receipt of an EEOC Right to Sue letter has no bearing on the timeliness of his claims.

First, claims under the PWL are not subject to administrative exhaustion. As numerous Pennsylvania courts have held, "the act of filing [a] complaint with the PHRC was not sufficient to toll the 180-day statute of limitations" set forth in the PWL. *See N'Jai v. Floyd*, No. CIV.07-1506, 2009 U.S. Dist. LEXIS 114760, 2009 WL 4823839, at *20 (W.D. Pa. Dec. 9, 2009), *aff'd*, 386 F. App'x 141 (3d Cir. 2010) (noting that because Pennsylvania's Whistleblower Law is not subject to exhaustion through the PHRC, the filing of a complaint with the PHRC is not sufficient to toll the Pennsylvania Whistleblower Law's 180-day statute of limitations); *Plemmons v. Pennsylvania Mfrs. Ass'n Ins. Co.*, No. CIV. A. 90-2495, 1991 U.S. Dist. LEXIS 5176, 1991 WL 61128, at *2 (E.D. Pa. Apr. 13, 1991)

(holding that the filing of a complaint with the EEOC is not sufficient to satisfy the Pennsylvania Whistleblower Law's 180-day statute of limitations); *see also N'Jai*, 2009 U.S. Dist. LEXIS 114760, at *72-73 ("Plaintiff incorrectly assumes however that her claims brought pursuant to Pennsylvania's Whistleblower Law are subject to exhaustion through an administrative agency, such as the PHRC or the EEOC. *See* 43 P.S. § 1424(a)."). Accordingly, the EEOC's dismissal of Plaintiff's charge does not cure the untimeliness of his PWL claim.

Likewise, Plaintiff has not properly exhausted administrative remedies with respect to his federal WPA claim. To pursue his rights under the WPA, Plaintiff must have first presented the claim to the Office of Special Counsel of the Merit Systems Protection Board, not the EEOC. *See* 5 U. S. C. § 1214(a)(1)(A). Furthermore, assuming *arguendo* that Plaintiff had done so, he would have had a right to appeal to the United States Court of Appeals for the Federal Circuit, not to this Court. *See* 5 U. S. C. § 7703(b)(1); *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002); *see generally Hendrix v. Snow*, 170 F. App'x 68, 78-79 (11th Cir. 2006) (describing procedure for exhaustion of administrative remedies under the WPA and dismissing Plaintiff's WPA claim). There is no dispute that Plaintiff failed to present a timely WPA claim to the Office of Special Counsel.

Finally, even if presentation of a WPA claim to the EEOC was a proper avenue for exhausting administrative remedies, Plaintiff's EEOC charge was not filed until January 10, 2017 or later, as Plaintiff's EEOC verification is dated January 18, 2017. (*See* Doc No. 7-2, Ex. 3.) Given Plaintiff's termination date of April 22, 2016, he failed to present the WPA claim to the EEOC within 180 days as required under the WPA. The same conclusion holds true even if the fabricated May 7 termination date were to apply.

Accordingly, for the reasons outlined above, Plaintiff's WPL and Federal WPA claims should be dismissed.

### III.     Plaintiff Fails to Allege Facts Sufficient to Establish That He Is Entitled to Protection under the PWL or WPA.

If not time-barred, Plaintiff's claims under the PWL and WPA should be dismissed because he cannot establish that he is entitled to protection under either statute. Plaintiff's opposition does nothing to change this fact. With regard to his PWL claim, Plaintiff argues that Eisai should be considered a "public body" for purposes of the PWL solely "by virtue of its receipt of Medicaid reimbursements from the Commonwealth." (Opp. at 9.) Plaintiff ignores direct precedent from this Court holding that "the receipt of Medicaid reimbursements is insufficient to make an otherwise private entity, a public body subject to Whistleblower Law liability." *Tanay v. Encore Healthcare*, 810 F. Supp. 2d 734, 743 (E.D. Pa. Aug. 26, 2011); *see also Eaves-Voyles v. Almost Family, Inc.*, 198 F. Supp. 3d 403, 409 (M.D. Pa. July 27, 2016) ("This court is persuaded by the reasoning and holding in *Cohen* [*v. Salick Health Care, Inc.*, 772 F. Supp. 1521 (E.D. Pa. 1991)] and finds that the Supreme Court of Pennsylvania would hold that the receipt of Medicaid and Medicare reimbursements, without more, is insufficient to transform a private employer into a 'public body' subject to the Pennsylvania Whistleblower Law."). In *Tanay* and *Eaves-Voyles*, both of which are published decisions from Federal District Courts in Pennsylvania, the exact argument Plaintiff now advances was unequivocally rejected. Accordingly, Plaintiff cannot establish a plausible PWL claim.

Similarly, only *Federal* employees are protected from retaliation for "whistleblowing" activities under the WPA. *See* 5 U.S.C. § 2302(b)(8). Plaintiff offers nothing more than the bare assertion that he is entitled to protection under the Federal WPA. (*See generally* Opp. at 6-9). Plaintiff does not raise any legal argument in opposition and Defendant will not repeat the arguments set forth in its moving brief. It is clear that Plaintiff's WPA should be dismissed.

**IV.     Plaintiff's Termination Did Not Violate Pennsylvania Public Policy.**

Plaintiff's opposition fails to cite a single case in which an employee of a *private* employer was able to overcome a motion to dismiss a claim for wrongful termination arising out of an alleged PWL violation. Neither the *Woodson*, *Novosel*, *Bruffet*, *Perks*, or *McNulty* cases, all relied on by Plaintiff, involve a public policy claim based on an alleged violation of the PWL. (*See* Opp. at 10-11.) Plaintiff ignores the case law presented in Defendant's moving brief. *See, e.g.*, Krajsa v. Keypunch, Inc., 622 A.2d 355, 360 (Pa. Super. Ct. 1993) (determining that the PWL does not create a public policy for private employees because the PWL's "scope is limited to employees discharged from governmental entities or any other body which is created or funded by the government").

Furthermore, Pennsylvania courts have "repeatedly rejected claims that a private employer violated public policy by firing an employee for whistleblowing, when the employee was under no legal duty to report the acts at issue." *See Zorek v. CVS Caremark Corp.*, 2014 U.S. Dist. LEXIS 188735, *14 (M.D. Pa. Apr. 16, 2014); *see also Brennan v. Cephalon, Inc.*, 298 F. App'x 147, 151 (3d Cir. 2008) (affirming summary judgment in favor of employer where a former employee claimed he was wrongfully discharged for reporting FDA violations). Despite Plaintiff's protestations otherwise, Defendant is a private employer and, accordingly, Plaintiff cannot set forth a claim that his termination violated Pennsylvania public policy.

**V.     Plaintiff's Claim for Breach of Contract Should be Dismissed Because He Cannot Establish the Existence of An Employment Contract.**

Plaintiff's opposition fails to point to facts sufficient to overcome the presumption of at-will employment recognized under Pennsylvania law. The offer letter, attached to the Complaint as Exhibit A, clearly denotes that it is not a contract. Plaintiff contends that Count II "contains sufficient factual information to place Defendant on notice of the collective claims asserted." While Defendant is cognizant of the contract-based claims Plaintiff purports to make, none of these claims are plausible.

Courts in both Pennsylvania and New Jersey have determined, under similar circumstances, that an offer letter is not a contract. See Pulse Techs., Inc. v. Notaro, 67 A.3d 778, 782 (Pa. May 29, 2013) (determining that the lower court had "erred in finding the offer letter constituted a binding agreement."); Bernard v. IMI Sys., 131 N.J. 91, 96, 618 A.2d 338, 341 (N.J. 1993) (noting that "in the absence of a contrary agreement, an employee is hired at-will, regardless of the way in which the salary is quoted in an offer letter."). For these reasons and the reasons set forth more fully in Defendant's moving brief, neither the offer letter nor bonus plan constitute contracts. Count II should be dismissed.[1]

**VI.     Plaintiff's Claims under the WPL and WPCL Should Be Dismissed.**

In his opposition, Plaintiff argues only in reference to his claim to an annual performance bonus. (*See* Opp. at 15.) Plaintiff's Complaint also alleged violations of the New Jersey Wage Payment Law ("WPL") and Pennsylvania Wage Payment and Collection Law ("WPCL") with reference to his 2015-2016 salary and other benefits. (*See* Compl. ¶60-62). Because Plaintiff has failed to address Defendant's arguments seeking dismissal of these claims, all but Plaintiff's claim in reference to a bonus should be deemed waived. *See D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256 (M.D. Pa., 1999) (deciding that the plaintiff's failure to address particular claim in his brief in opposition to defendants' motion to dismiss amounted to waiver of that claim), *cited in Greenwood Partners, L.P. v. Cimnet, Inc.*, 2003 U.S. Dist. LEXIS 18099, *8, 2003 WL 22238981 (E.D. Pa. Sept. 26, 2003); *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 361, 2013 U.S. Dist. LEXIS 90759, *37, 2013 WL 3287134 (M.D. Pa. June 28, 2013) (same).

Furthermore, even if Plaintiff has not partially waived Count III, none of the compensation he seeks in Count III is recoverable under the WPA or WPCL. Assuming *arguendo* for purposes of this

---

[1] In the event this Court determines that a contract of employment existed between Plaintiff and Defendant, Plaintiff's wrongful discharge claim must be dismissed on an alternative ground. Under Pennsylvania law, claims for wrongful discharge in violation of public policy are available only to at-will employees, which Plaintiff would not be *if* there is an employment contract. *See generally Kelly v. National R. Passenger Corp.*, 731 F. Supp. 698, 700 (E.D. Pa. 1990)).

Motion that the bonus plan itself constituted some sort of contract between Plaintiff and Defendant, Plaintiff would not have been entitled to a bonus under the plan's express terms. As also set forth in Plaintiff's offer letter, the Bonus Plan referenced by Plaintiff states that where "[e]mployment terminates for any reason after the completion of the Plan Year (other than due to LTD or death) but prior to payment date. . . [,the employee] is not eligible to earn a Plan bonus for that Plan year." (*See* Doc. No. 7-2, Ex. 4.) Stated simply, Plaintiff had to be employed at the time of payment in order to be eligible to receive the bonus. Both the offer letter and bonus plan unambiguously establish the parameters as to Plaintiff's entitlement to incentive compensation, parameters which he failed to meet. *See generally Pease v. Faro Techs.*, 2016 U.S. Dist. LEXIS 21564, *9 (E.D. Pa. Feb. 22, 2016).

For these reasons and the reasons set forth in Defendant's moving brief, Count III should be dismissed in its entirety.

## CONCLUSION

For these reasons, as well as for those set forth in Defendant's moving brief, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's complaint in its entirety and enter an order dismissing Plaintiff's complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

    **JACKSON LEWIS, P.C.**

By:   */s/ John M. Nolan*
    John M. Nolan, Esq.
    Timothy M. McCarthy, Esq.
    Three Parkway, 1601 Cherry St., Suite 1350
    Philadelphia, PA  19102
    T: (267) 319-7802
    F: (215) 399-2249
    nolanj@jacksonlewis.com
    timothy.mccarthy@jacksonlewis.com

    *ATTORNEYS FOR DEFENDANT*

Dated: July 27, 2017
4812-9181-6268, v. 1